KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (SBN 197271)
HOLLY GAUDREAU (SBN 209114)
RYAN BRICKER (SBN 269100)
CALLA E. YEE (SBN 306652)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:     (415) 576-0200
Facsimile:      (415) 576-0300
E-Mail:         mboroumand@kilpatricktownsend.com
                hgaudreau@kilpatricktownsend.com
                rbricker@kilpatricktownsend.com
                cyee@kilpatricktownsend.com

Attorneys for Plaintiff
SONY INTERACTIVE ENTERTAINMENT LLC

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PRIZM LABS, INC., a/k/a Blok Party, a Delaware corporation,<br><br>Defendant. | Case No.     19-5726<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

Sony Interactive Entertainment LLC ("Plaintiff" or "SIE") files this complaint to stop defendant Prizm Labs, Inc. ("Prizm Labs") from using confusingly similar variations of the famous PLAYSTATION and well-known PLAYSTATION NETWORK trademarks to market Defendant's "PlayTable" gaming console and "PlayNetwork" video game-related services.  With complete disregard for SIE's well-established trademark rights in connection with the same types of goods and services, Prizm Labs markets its video game console product as "PlayTable the world first tabletop gaming console" and claims to distribute its video game-related services through the "PlayNetwork."



Prizm Labs' conduct willfully infringes SIE's trademark rights, is likely to cause consumer confusion by, among other things, misleading the public about the source of Prizm Labs' products and/or a relationship between SIE and Prizm Labs, and dilutes the PLAYSTATION and PLAYSTATION NETWORK marks.  By using "PlayTable" and "PlayNetwork" to describe its products, Prizm Labs is intentionally trading on the goodwill and worldwide recognition associated with the PLAYSTATION and PLAYSTATION NETWORK marks.

Despite SIE's efforts to resolve this dispute without litigation, Prizm Labs chooses to continue its infringing conduct without regard to SIE's rights in the PLAYSTATION and PLAYSTATION NETWORK marks.  This lawsuit has become necessary to stop Prizm Labs from trading on the reputation and significant goodwill that SIE has earned among consumers.

In this action, SIE seeks injunctive relief and damages against Prizm Labs for its willful infringement of SIE's rights in the PLAYSTATION and PLAYSTATION NETWORK marks, Prizm Labs' dilution of the PLAYSTATION mark, and unfair competition under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code § 1051 *et seq.*, and for infringement, dilution and unfair competition under California Business & Professions Code §§ 14245, 14247, 14250 and 17200 and the common law.  SIE also seeks cancellation of U.S. Reg. No. 5,486,975 under Section 37 of the Lanham Act of 1946, as amended, Title 15, United States Code § 1119.

## THE PARTIES

Plaintiff SIE is a California limited liability company with its principal place of business in San Mateo, California.  SIE is engaged in the business of marketing and distributing computer video game hardware, software and peripheral accessories and developing, marketing and distributing video game software.

Upon information and belief, Defendant Prizm Labs is a Delaware corporation with its principal place of business in San Francisco, California.  Prizm Labs develops consumer products and software for tabletop gaming entertainment.

## JURISDICTION AND VENUE

This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1119, 1125(a) and



COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION
(INJUNCTIVE RELIEF SOUGHT), CASE NO. 19-5726                                                     - 2 -

1   (c) *et seq.*, and related claims under California statutory and common law.  This Court has

2   jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair

3   competition); 28 U.S.C. § 1331 (federal question); and 15 U.S.C. § 1121 (Lanham Act).  This Court

4   has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

5     Personal jurisdiction is proper over Prizm Labs because it does business in California and/or

6   this judicial district and/or are residents of California and/or this judicial district and/or directed its

7   infringing conduct into California and/or this judicial district.

8     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because

9   Prizm Labs transacts business in this district and a substantial part of the events giving rise to the

10   claims asserted arose in this district.

11   **INTRADISTRICT ASSIGNMENT**

12     Intra-district assignment to any division of the Northern District is proper under (i) Local

13   Rule 3-2(c) and (ii) the Assignment Plan of this Court as an "Intellectual Property Action."

14   **GENERAL ALLEGATIONS**

15   **SIE and the PlayStation® Brand**

16     SIE is a recognized global leader in interactive and digital entertainment.  Responsible for

17   the internationally-recognized PlayStation® brand and family of products and services in North,

18   Central and South America, SIE's current offerings include the PlayStation® 4 console, the

19   PlayStation® VR headset, the PlayStation® Store digital media marketplace, the PlayStation® Now

20   game streaming service, the PlayStation® Vue streaming television service, and the PlayStation

21   Network service.

22     SIE is a wholly-owned subsidiary of Sony Corporation of America.  SIE is headquartered in

23   San Mateo, California and has regional affiliates – Sony Interactive Entertainment Inc. in Tokyo,

24   Japan, and Sony Interactive Entertainment Europe in London, England (collectively the "SIE

25   Affiliates").  SIE, together with its regional affiliates, is responsible for the PlayStation® brand and

26   platform first launched in 1994.

27     The PlayStation® video game consoles are highly sophisticated devices that, in conjunction

28   with compatible video game software, PlayStation hand-held controllers, and a television monitor,



1   simulate highly immersive and interactive three-dimensional action.  The PlayStation® brand is one

2   of SIE Affiliates' most valuable assets.

3       Sales of the PlayStation® 4 console, the SIE Affiliates' most current video game console,

4   exceed one hundred million units, greater than the sales of any other video game console on the

5   market.  The tremendous success of the PlayStation® 4 console follows the success of earlier

6   PlayStation-branded consoles, including the original PlayStation®, the PlayStation® 2 and the

7   PlayStation® 3 consoles.

8       The PlayStation Network service was launched in 2006.  This service enables users of

9   PlayStation® consoles to access certain of the SIE Affiliates' online services for the PlayStation

10   system, where users can, among other things, purchase games and other content, engage in online

11   gaming and interact with other users.

12                              ***The PlayStation® Trademark***

13       For many years prior to the events that give rise to this Complaint and continuing to the

14   present, SIE has spent great amounts of time, money and effort advertising and promoting the

15   products on which its PLAYSTATION mark is used in North, Central and South America, and has

16   sold many millions of these products, including throughout the United States and California.

17   Through these investments and large sales, SIE has created considerable goodwill and a reputation

18   for quality products.  Due to the phenomenal success of PlayStation® brand video game products

19   and services and extensive consumer awareness of the PlayStation® brand, the PLAYSTATION

20   mark has achieved the status of a famous trademark.

21       SIE is the exclusive licensee of the trademark rights in, among others, the PLAYSTATION

22   mark, in the United States.  Representative copies of registrations for these marks are attached to

23   this Complaint as Exhibit A (jointly referred to as the "PLAYSTATION mark").  All of these

24   registrations are in full force and effect, valid and protectable, and exclusively licensed by SIE.

25       The PLAYSTATION mark became famous prior to the Prizm Labs' conduct that is the

26   subject of this Complaint.

27       The PLAYSTATION mark has acquired strong recognition among the consuming public

28   and computer product retailers and distributors who associate the mark with SIE and its Affiliates



1    and their high quality and innovative video game systems and the related peripheral devices and

2    services they offer.

3            To distinguish the products of SIE and its licensees from products made and sold by others,

4    SIE and its licensees have, among other things, prominently displayed the PLAYSTATION mark

5    on their goods, and in advertising and marketing materials distributed throughout the United States.

6    This trademark has come to identify SIE as the source or licensor of a specific series of interactive

7    simulation entertainment hardware and software products.

8            SIE has invested substantial time and money in promoting the PLAYSTATION mark in

9    connection with the marketing and sale of its products and the products it licenses.  As a result, the

10   PLAYSTATION mark has become, through widespread and favorable public acceptance and

11   recognition, an asset of substantial value as a symbol of SIE and its quality products and goodwill.

12           SIE and its corporate predecessors continuously have used the PLAYSTATION mark in

13   interstate commerce, from the dates claimed in the registrations or earlier, until the present during

14   all time periods relevant to the claims in this Complaint.  In so doing, they have used the

15   PLAYSTATION mark to identify the goods and services they have marketed, sold, licensed,

16   distributed and/or provided in the United States.

17                              *The PlayStation Network™ Trademark*

18           SIE has invested substantial time and money in promoting the PLAYSTATION NETWORK

19   mark in connection with the marketing and sale of its PlayStation® gaming consoles and the related

20   services it offers through PlayStation Network in the United States.  As a result, the

21   PLAYSTATION NETWORK mark has become, through widespread and favorable public

22   acceptance and recognition in the United States, an asset of substantial value as a symbol of SIE and

23   its quality products and goodwill.

24           SIE and its corporate predecessors continuously have used the PLAYSTATION

25   NETWORK mark in interstate commerce since 2006 until the present, during all time periods

26   relevant to the claims in this Complaint.  In so doing, they have used the PLAYSTATION

27   NETWORK mark to identify the goods and services they have marketed, sold, licensed, distributed

28   and/or provided in the United States.



**Prizm Labs' Infringing and Wrongful Conduct**

On information and belief, beginning at some time in the past but after SIE (including its corporate predecessors) began use of its PLAYSTATION mark and well after the PLAYSTATION mark acquired fame, and continuing until the present, Prizm Labs has advertised, promoted, offered to sell and/or sold a gaming console that infringes and dilutes the PLAYSTATION mark.

Prizm Labs has advertised, promoted, and/or offered to sell reservations for gaming consoles using the "PlayTable" mark. Prizm Labs has offered to sell and/or, on information and belief, sold reservations for consumers to purchase its "PlayTable" gaming console for $99.00 per gaming console.

Indeed, Prizm Labs has promoted its "PlayTable" product as "the world's first tabletop gaming console." Prizm Labs' gaming console and related goods and services are made available through its website, https://www.playtable.com/. Images of the "PlayTable" gaming console are attached to this Complaint as Exhibit B.

Prizm Labs continues to advertise, promote, offer to sell and, on information and belief, sell reservations for consumers to purchase gaming consoles using or bearing the "PlayTable" name.

Prizm Labs' unauthorized conduct is likely to confuse consumers as to the source of Prizm Labs' product and/or a relationship between Prizm Labs and SIE when, in fact, there is no affiliation or relationship between Prizm Labs and SIE. Prizm Labs' conduct is likely to cause dilution of the PLAYSTATION mark by diminishing its distinctiveness.

On information and belief, beginning at some time in the past but after SIE (including its corporate predecessors) began use of its PLAYSTATION NETWORK mark, and continuing until a short time ago, Prizm Labs advertised, promoted, offered for sale and/or sold video game-related services that infringe the PLAYSTATION NETWORK mark.

Until recently, Prizm Labs marketed and promoted its "PlayNetwork" in connection with video game-related services, offered and/or advertised through Prizm Labs' company website, available at www.playnetwork.io. A representative example of the Prizm Labs' use of "PlayNetwork" is attached to this Complaint as Exhibit C. On information and belief, Prizm Labs very recently disabled access to the playnetwork.io website.



On information and belief, Prizm Labs' "PlayNetwork" services were – and to the extent they continue to be, marketed, promoted and/or offered for sale – are likely to confuse consumers as to the source of Prizm Labs' game-related services and/or a relationship between Prizm Labs and SIE when, in fact, there is no affiliation or relationship between Prizm Labs and SIE.

On information and belief, Prizm Labs filed an application to register the "PlayTable" mark for "Computer hardware; High performance computer hardware with specialized features for enhanced game playing ability; Tablet computers; Computer hardware and computer software for enabling object recognition on multi user, multi touch devices" in Class 9, claiming first use as early as February 3, 2016 (U.S. Serial No. 86/896,771). Prizm Labs' application to register the "PlayTable" mark matured to registration on June 5, 2018 (U.S. Reg. No. 5,486,975). A copy of the Certificate of Registration of U.S. Reg. No. 5,486,975 is attached to this Complaint as Exhibit D.

Prizm Labs' actions have caused and will cause SIE irreparable harm for which money damages and other remedies are inadequate. On information and belief, unless Prizm Labs is restrained by this Court, it will continue and/or expand its unauthorized activities and otherwise continue to cause great and irreparable damage and injury to SIE by, among other things:

        a.    Infringing on SIE's statutory rights to use and control use of its trademarks;

        b.    Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

        c.    Causing the public falsely to associate SIE with Prizm Labs and/or the "PlayTable" or "PlayNetwork" brand products, or vice versa; and

        d.    Causing incalculable and irreparable damage to SIE's goodwill and diluting the capacity of its trademarks to differentiate PlayStation® products from others.

Accordingly, in addition to other relief sought, SIE is entitled to injunctive relief against Prizm Labs, its affiliates, licensees, subsidiaries and all persons acting in concert with it.

///

///

///



1

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114 *et. seq.*, Lanham Act § 32)**

2

3   SIE incorporates by reference each of the allegations contained in paragraphs 1 through 35

4   of this Complaint.

5   The PLAYSTATION mark is a valid and protectable trademark.

6   SIE is the exclusive licensee of the trademark rights in the PLAYSTATION mark in the

7   United States.

8   Without SIE's consent, Prizm Labs has used the "PlayTable" mark in commerce in

9   connection with the promotion, advertising and offering for sale of its gaming console product.

10   Prizm Labs' use of the "PlayTable" mark is likely to cause confusion, mistakes, or deception

11   among ordinary consumers as to the source, sponsorship, affiliation or approval of Prizm Labs and

12   its goods and services, and infringes upon the PLAYSTATION mark.

13   Prizm Labs' conduct is continuing and will continue, constituting an ongoing threat to SIE

14   and the public.  Unless Prizm Labs is restrained and enjoined from engaging in the infringing

15   conduct described above, SIE will suffer irreparable injury and further harm.  As a direct and

16   proximate result of Prizm Labs' unlawful conduct, SIE is entitled to injunctive relief pursuant to 15

17   U.S.C. § 1116(a).

18   As a direct and proximate result of Prizm Labs' infringing activities, SIE is entitled to

19   recover Prizm Labs' unlawful profits and SIE's damages under 15 U.S.C. § 1117(a).

20   Prizm Labs' infringement of the PLAYSTATION mark constitutes an exceptional case,

21   entitling SIE to treble the amount of its damages and Prizm Labs' profits, and to an award of

22   attorneys' fees under 15 U.S.C. § 1117(a).

23   As a direct and proximate result of Prizm Labs' conduct as set forth above, SIE has been

24   irreparably harmed and damaged in an amount to be proven at trial.

25   ///

26   ///

27   ///

28   ///



1

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

2

3

4      SIE realleges and incorporates by reference each of the allegations contained in paragraphs 1

5      through 44 of this Complaint.

6      Prizm Labs' use of the "PlayTable" mark and the "PlayNetwork" name falsely suggests that

7      its gaming console and related goods and services originate from or are approved or sponsored by

8      SIE.  This conduct is likely to deceive or to cause confusion or mistake among consumers as to the

9      source, sponsorship, affiliation or approval of Prizm Labs and its goods and services.

10     Prizm Labs' conduct is continuing and will continue, constituting an ongoing threat to SIE

11     and the public.  Unless Prizm Labs is restrained and enjoined from engaging in the infringing

12     conduct described above, SIE will suffer irreparable injury and further harm.  As a direct and

13     proximate result of Prizm Labs' unlawful conduct, SIE is entitled to injunctive relief pursuant to 15

14     U.S.C. § 1116(a).

15     As a direct and proximate result of Prizm Labs' infringing activities, SIE is entitled to

16     recover Prizm Labs' unlawful profits and SIE's damages under 15 U.S.C. § 1117(a).

17     Prizm Labs' infringement of the PLAYSTATION mark constitutes an exceptional case,

18     entitling SIE to treble the amount of its damages and Prizm Labs' profits, and to an award of

19     attorneys' fees under 15 U.S.C. § 1117(a).

20     As a direct and proximate result of Prizm Labs' conduct as set forth above, SIE has been

21     irreparably harmed and damaged in an amount to be proven at trial.

22

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARK**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

23

24

25     SIE realleges and incorporates by reference each of the allegations contained in paragraphs 1

26     through 50 of this Complaint.

27     ///

28     ///



1    The PLAYSTATION mark is distinctive and famous within the meaning of the Trademark

2    Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous prior to Prizm

3    Labs' conduct as alleged in this Complaint.

4    The PLAYSTATION mark has gained strong public recognition and is eligible for

5    protection against dilution.

6    Prizm Labs' use of the "PlayTable" mark in commerce, as described in this Complaint, is

7    likely to cause dilution of the PLAYSTATION mark by diminishing its distinctiveness in violation

8    of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

9    Prizm Labs' conduct is continuing and will continue, constituting an ongoing threat to SIE

10   and the public.  Unless Prizm Labs is restrained and enjoined from engaging in the dilution

11   described above, SIE will suffer irreparable injury and further harm.  As a direct and proximate

12   result of Prizm Labs' unlawful conduct, SIE is entitled to injunctive relief pursuant to 15 U.S.C.

13   § 1116(a).

14                                   **FOURTH CLAIM**
                      **CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION**
15                        **(Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)**

16   SIE realleges and incorporates by reference each of the allegations contained in paragraphs 1

17   through 55 of this Complaint.

18   Prizm Labs' use of the "PlayTable" mark is likely to cause confusion, mistakes, or deception

19   among ordinary consumers as to the source, sponsorship, affiliation or approval of Prizm Labs and

20   its goods and services, and infringes upon the PLAYSTATION mark in violation of California

21   Business & Professions Code section 14245.

22   Prizm Labs'  use of the "PlayTable" mark in commerce as described in this Complaint is

23   likely to cause dilution of the distinctive and famous PLAYSTATION mark by diminishing its

24   distinctiveness in violation of California Business & Professions Code section 14247.

25   Pursuant to California Business & Professions Code section 14250, SIE is entitled to

26   injunctive relief and damages in the amount of up to three times Prizm Labs' profits and up to three

27   times all damages suffered by SIE by reason of Prizm Labs' trademark infringement under

28   California Business & Professions Code section 14245.



1     Pursuant to California Business & Professions Code section 14250, SIE is entitled to

2  injunctive relief as a result of Prizm Labs' dilution of the distinctive and famous PLAYSTATION

3  mark in violation of California Business & Professions Code section 14247.  Additionally, if it is

4  established that Prizm Labs' willfully intended to cause dilution of the PLAYSTATION mark, then

5  SIE will be entitled to the additional remedies set forth in California Business & Professions Code

6  section 14250 including Prizm Labs' profits and damages suffered by SIE.

7     As a direct and proximate result of Prizm Labs' conduct as set forth above, SIE has been

8  irreparably harmed and damaged in an amount to be proven at trial.

9                                        **FIFTH CLAIM**
   **CALIFORNIA UNFAIR, UNLAWFUL, AND FRAUDULENT COMPETITION**
10                              **(Cal. Bus. & Prof. Code § 17200)**

11

12     SIE realleges and incorporates by reference each of the allegations contained in paragraphs 1

13  through 61 of this Complaint.

14     Prizm Labs' conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent

15  business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the

16  meaning of California Business & Professions Code section 17200.

17     As a consequence of Defendant's acts of unlawful, unfair, and fraudulent competition SIE is

18  entitled to injunctive relief preventing the conduct alleged in this Complaint.

19                                  **PRAYER FOR RELIEF**

20     WHEREFORE, SIE prays for the following relief:

21     Adjudge that the PLAYSTATION mark has been infringed by Prizm Labs in violation of

22  SIE's rights under 15 U.S.C. § 1114, 15 U.S.C § 1125(a) and/or California law;

23     Adjudge that the PLAYSTATION NETWORK mark has been infringed by Prizm Labs in

24  violation of SIE's rights under common law;

25     Adjudge that Prizm Labs has competed unfairly with SIE in violation of SIE's rights under

26  15 U.S.C. §1114, 15 U.S.C. § 1125(a) and/or California law;

27     Adjudge that Prizm Labs' activities are likely to dilute the famous PLAYSTATION mark in

28  violation of SIE's rights under common law, 15 U.S.C. § 1125(c) and/or California law;



Adjudge that Prizm Labs, its agents, employees, attorneys, successors, assigns, affiliates and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through, or under any of it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.  Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising or promoting any goods or services that display any words or symbols that so resemble the PLAYSTATION mark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for SIE, including, without limitation, any product that bears the "PlayTable" mark which is the subject of this Complaint and for which Prizm Labs is responsible, or any other approximation of SIE's trademarks;

b.  Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising or promoting any goods or services that display any words or symbols that so resemble the PLAYSTATION NETWORK mark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for SIE, including, without limitation, any product that bears the "PlayNetwork" name which is the subject of this Complaint and for which Prizm Labs is responsible, or any other approximation of SIE's trademarks;

c.  Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of SIE or their products with SIE, or as to the origin of Prizm Labs' goods or services, or any false designation of origin, false or misleading description or representation of fact or any false or misleading advertising;

d.  Further infringing the rights of SIE in and to any of its trademarks in its PlayStation® or PlayStation Network™ brand products or services, or otherwise damaging SIE's goodwill or business reputation;

e.  Further diluting the PLAYSTATION mark;



1        f.       Adopting or filing applications to register as trademarks or domain names any

2              additional marks that are similar or identical to the PLAYSTATION or

3              PLAYSTATION NETWORK marks; and Continuing to perform in any manner

4              whatsoever any of the other acts complained of in this Complaint;

5        Adjudge that U.S. Reg. No. 5,486,975 be cancelled in whole;

6        Issue a certified Order to the Director of the United States Patent and Trademark Office,

7  pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, ordering the Director to enter upon the

8  records of the United States Patent and Trademark Office a cancellation of U.S. Reg. No.

9  5,486,975;

10        Adjudge that Prizm Labs, within thirty (30) days after service of the judgement demanded

11  herein, be required to transfer to SIE all domain names that Prizm Labs has registered, controls, or

12  operates that contain the terms "playtable" or "playnetwork", including <playtable.com> and

13  <playnetwork.io>;

14        Adjudge that Prizm Labs, within thirty (30) days after service of the judgment demanded

15  herein, be required to file with this Court and serve upon SIE's counsel a written report under oath

16  setting forth in detail the manner in which they have complied with the judgment;

17        Adjudge that Prizm Labs immediately be required to account to SIE for its profits, and pay

18  treble and actual damages suffered by SIE as a result of its trademark infringement, false

19  designations of origin, together with interest and costs;

20        Adjudge that SIE recover from Prizm Labs its damages and lost profits, and Prizm Labs'

21  profits, in an amount to be proven at trial, as well as punitive damages under California law;

22        Adjudge that Prizm Labs be required to account for any profits that are attributable to its

23  illegal acts, and that SIE be awarded (1) Prizm Labs' profits and (2) all damages sustained by SIE,

24  under 15 U.S.C. § 1117, plus prejudgment interest;

25        Adjudge that the amounts awarded to SIE pursuant to 15 U.S.C. § 1117 and California

26  Business & Professions Code section 14250 shall be trebled;

27        Adjudge that SIE be awarded its costs and disbursements incurred in connection with this

28  action, including SIE's reasonable attorneys' fees and investigative expenses; and



1    Adjudge that all such other relief be awarded to SIE as this Court deems just and proper.

2

3    DATED:  September 12, 2019          Respectfully submitted,

4                                        KILPATRICK TOWNSEND & STOCKTON LLP

5

6                                        By: */s/ Mehrnaz Boroumand Smith*
                                              MEHRNAZ BOROUMAND SMITH
7
                                         Attorneys for Plaintiff
8                                        SONY INTERACTIVE ENTERTAINMENT, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

