KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (SBN 197271)
RYAN BRICKER (SBN 269100)
RISHI GUPTA (SBN 313079)
BEATRICE STRNAD (SBN 327791)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone:      (415) 576-0200
Facsimile:      (415) 576-0300
E-Mail:         mboroumand@kilpatricktownsend.com
                rbricker@kilpatricktownsend.com
                rgupta@kilpatricktownsend.com
                bstrnad@kilpatricktownsend.com

Attorneys for Plaintiffs
SONY INTERACTIVE ENTERTAINMENT LLC and
SONY INTERACTIVE ENTERTAINMENT INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company, and SONY INTERACTIVE ENTERTAINMENT INC., a Japanese corporation,<br><br>                    Plaintiffs,<br><br>            v.<br><br>PRIZM LABS, INC., a Delaware corporation; BLOK.PARTY, d/b/a PlayTable, a Delaware Corporation; 8HOURS FOUNDATION, and DOES 1-10,<br><br>                    Defendants. | Case No. 3:19-cv-5726-HSG<br><br>**SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

1.      Sony Interactive Entertainment LLC ("SIE") and Sony Interactive Entertainment

Inc. ("SIEI") (collectively referred to as "Plaintiffs" or "Sony") file this complaint to stop

defendants Prizm Labs, Inc., Blok.Party, and 8Hours Foundation ("8Hours") (collectively

"Defendants") from using confusingly similar variations of Sony's famous PlayStation® and well-

known PlayStation Network™ trademarks to market Defendants' "PlayTable" gaming console



and "PlayNetwork" video game-related services.  With complete disregard for Sony's well-established trademark rights in connection with the same types of goods and services, Defendants market their video game console product as "PlayTable the world first tabletop gaming console" and claims to distribute its video game-related services through the "PlayNetwork."

2.     Defendants' conduct willfully infringes Sony's trademark rights, is likely to cause consumer confusion by, among other things, misleading the public about the source of the products and/or a relationship between Sony and Defendants, and dilutes the PlayStation and PlayStation Network marks.  By using "PlayTable" and "PlayNetwork" to describe its products, Defendants are intentionally trading on Sony's goodwill and worldwide recognition associated with the PlayStation and PlayStation Network marks.

3.     Despite Sony's efforts to resolve this dispute without litigation, Defendants choose to continue their infringing conduct without regard to Sony's rights in the PlayStation and PlayStation Network marks.  This lawsuit has become necessary to stop Defendants from trading on the reputation and significant goodwill that Sony has earned among consumers.

4.     In this action, Sony seeks injunctive relief and damages against Defendants for their willful infringement of Sony's rights in the PlayStation and PlayStation Network marks, Defendants' dilution of the PlayStation mark, and unfair competition under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code § 1051 *et seq.*, and for infringement, dilution and unfair competition under California Business & Professions Code §§ 14245, 14247, 14250 and 17200 and the common law.  Sony also seeks cancellation of U.S. Reg. No. 5,486,975 for the PlayTable mark under Section 37 of the Lanham Act of 1946, as amended, Title 15, United States Code § 1119.

## THE PARTIES

5.     Plaintiff SIEI is a Japanese Corporation with its principal place of business in Tokyo, Japan.  SIEI is engaged in the business of developing, marketing and distributing video game hardware, software and peripheral accessories.  Plaintiff SIE is a California limited liability company with its principal place of business in San Mateo, California.  SIE is engaged in the

///



SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
AND DILUTION, CASE NO. 19-5726-HSG                                                                    2

business of marketing and distributing computer video game hardware, software and peripheral accessories and developing, marketing and distributing video game software.

6.     Upon information and belief, Defendant Prizm Labs is a Delaware corporation with its principal place of business in San Francisco, California.  Prizm Labs develops consumer products and software for tabletop video gaming entertainment.

7.     Upon information and belief, Defendant Blok.Party is a Delaware corporation with its principal place of business in South San Francisco, California.

8.     Upon information and belief, Defendant 8Hours is a non-profit entity with its principal place of business in San Francisco, California.

9.     Plaintiffs are unaware of the true identity, nature, and capacity of each of the defendants herein designated as DOES 1 through 10, inclusive. Plaintiffs allege, on information and belief, that each of the defendants designated as a DOE is in some manner responsible for the actions, damages, and injuries alleged in this Complaint.  Upon learning the true identity, nature, and capacity of the DOE defendants, Plaintiffs will amend this Complaint to allege their true names and capacities.

## JURISDICTION AND VENUE

10.     This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1119, 1125(a) and (c) *et seq.*, and related claims under California statutory and common law.  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition); 28 U.S.C. § 1331 (federal question); and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

11.     Personal jurisdiction is proper over Prizm Labs because it does business in California and/or this judicial district and/or are residents of California and/or this judicial district and/or directed its infringing conduct into California and/or this judicial district.

12.     Personal jurisdiction is proper over Blok.Party because it does business in California and/or this judicial district and/or are residents of California and/or this judicial district and/or directed its infringing conduct into California and/or this judicial district.

13.     Personal jurisdiction is proper over 8Hours because it does business in California and/or this judicial district and/or are residents of California and/or this judicial district and/or directed its infringing conduct into California and/or this judicial district.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants transact business in this district and a substantial part of the events giving rise to the claims asserted arose in this district.

## INTRADISTRICT ASSIGNMENT

15.     Intra-district assignment to any division of the Northern District is proper under (i) Local Rule 3-2(c) and (ii) the Assignment Plan of this Court as an "Intellectual Property Action."

## GENERAL ALLEGATIONS

### Sony and the PlayStation® Brand

16.     Sony is a recognized global leader in interactive and digital entertainment.  Sony is responsible for the internationally-recognized PlayStation® brand and family of products and services, including in North, Central and South America. Sony's current offerings in the United States include the PlayStation® 4 console, the PlayStation® VR headset, the PlayStation® Store digital media marketplace, the PlayStation® Now game streaming service, the PlayStation® Vue streaming television service, and the PlayStation Network online video gaming services.

17.     SIE is a wholly-owned subsidiary of Sony Corporation of America and is headquartered in San Mateo, California.  Sony Interactive Entertainment Europe in London, England and SIEI in Tokyo, Japan, are SIE's regional affiliates (collectively the "SIE Affiliates"). Together with its regional affiliates, SIE is responsible for the PlayStation® brand and platform first launched in 1994.

18.     The PlayStation® video game consoles are highly sophisticated devices that, in conjunction with compatible video game software, PlayStation hand-held controllers, and a television monitor, simulate highly immersive and interactive three-dimensional action.  The PlayStation® and PlayStation Network brands are one of SIE Affiliates' most valuable assets.

19.     Sales of the PlayStation® 4 console, which is the SIE Affiliates' most current video game console, exceed one hundred million units, greater than the sales of any other video game



1    console on the market.  The tremendous success of the PlayStation® 4 console follows the success

2    of earlier PlayStation-branded consoles, including the original PlayStation®, the PlayStation® 2

3    and the PlayStation® 3 consoles.

4       20.  The PlayStation Network services were launched in 2006.  This service enables

5    users of PlayStation® consoles to access certain of the SIE Affiliates' online services for the

6    PlayStation system, where users can, among other things, purchase video games and other content,

7    engage in online video gaming and interact with other users.

8    <center>***The PlayStation® Trademark***</center>

9       21.  For many years prior to the events that give rise to this Second Amended

10   Complaint and continuing to the present, Sony has spent great amounts of time, money and effort

11   advertising and promoting the products on which the PlayStation mark is used in North, Central

12   and South America, and has sold many millions of these products, including throughout the

13   United States and California.  Through these investments and large sales, Sony has created

14   considerable goodwill and a reputation for quality products.  Due to the phenomenal success of

15   PlayStation® brand video game products and services and extensive consumer awareness of the

16   PlayStation® brand, the PlayStation mark has achieved the status of a famous trademark.

17      22.  SIEI is the owner of the PlayStation mark and SIE is the exclusive licensee of the

18   trademark rights in, among others, the PlayStation mark, in the United States.  Representative

19   copies of registrations for this mark are attached to this Second Amended Complaint as Exhibit A

20   (jointly referred to, together with the related common law rights, as the "PlayStation mark").  All

21   of these registrations are in full force and effect, valid and protectable, and exclusively licensed by

22   SIE.  SIEI also owns common law and registered rights in a number of PlayStation-formative

23   trademarks, including the representative sample attached to this Second Amended Complaint as

24   Exhibit B (jointly referred to as the "PlayStation-formative marks").

25      23.  The PlayStation mark became famous prior to the Defendants' conduct that is the

26   subject of this Complaint.

27      24.  The PlayStation mark and PlayStation-formative marks have acquired strong

28   recognition among the consuming public and computer product retailers and distributors who



SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
AND DILUTION, CASE NO. 19-5726-HSG            5

associate the mark with SIE and the SIE Affiliates and their high quality and innovative video game systems and the related peripheral devices and services they offer.

25.     To distinguish the products of Sony and its licensees from products made and sold by others, Sony and its licensees have, among other things, prominently displayed the PlayStation mark and PlayStation-formative marks on their goods, and in advertising and marketing materials distributed throughout the United States.  This trademark has come to identify Sony as the source or licensor of a specific series of interactive simulation entertainment hardware and software products.

26.     Sony has invested substantial time and money in promoting the PlayStation mark and PlayStation-formative marks in connection with the marketing and sale of its products and the products it licenses.  As a result, the PlayStation mark and PlayStation-formative marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as symbols of Sony and its quality products and goodwill.

27.     SIE and its corporate predecessors continuously have used the PlayStation mark and PlayStation-formative marks in interstate commerce, from the dates claimed in the registrations or earlier, until the present during all time periods relevant to the claims in this Second Amended Complaint.  In so doing, they have used the PlayStation mark and PlayStation-formative marks to identify the goods and services they have marketed, sold, licensed, distributed and/or provided in the United States.

*The PlayStation Network™ Trademark*

28.     SIEI is the owner of the PlayStation Network trademark.  Sony has invested substantial time and money in promoting the PlayStation Network  mark in connection with the marketing and sale of its PlayStation® gaming consoles and the related services it offers through PlayStation Network, including in the United States.  As a result, the PlayStation Network mark has become, through widespread and favorable public acceptance and recognition, including in the United States, an asset of substantial value as a symbol of Sony and its quality products and goodwill.

///



29.     SIE and its corporate predecessors continuously have used the PlayStation Network mark in interstate commerce in the United States since 2006 until the present, during all time periods relevant to the claims in this Second Amended Complaint.  In so doing, SIE has used the PlayStation Network mark to identify the goods and services it has marketed, sold, licensed, distributed and/or provided in the United States.

**Defendants' Infringing and Wrongful Conduct**

30.     On information and belief, beginning at some time in the past but after Sony (including its corporate predecessors) began use of its PlayStation mark and well after the PlayStation mark acquired fame, and continuing until the present, Defendants have advertised, promoted, offered to sell and/or sold a gaming console under the "PlayTable" mark and name, which infringes and dilutes the PlayStation mark, and infringes the PlayStation-formative marks.

31.     Defendants have advertised, promoted, and/or offered to sell reservations for video gaming consoles using its "PlayTable" mark in the United States.  Defendants have offered to sell and/or, on information and belief, sold reservations for consumers to purchase its "PlayTable" gaming console for $99.00 per video gaming console.

32.     Indeed, Prizm Labs has promoted its "PlayTable" product as "the world's first tabletop gaming console."  Prizm Labs' gaming console and related goods and services are made available through its website, https://www.playtable.com/.  Images of the "PlayTable" gaming console are attached to this Second Amended Complaint as Exhibit C.

33.     Blok.Party is effectively Prizm Labs, so much so that the website for Blok.Party (https://www.blok.party/) redirects to Prizm Labs' website (https://www.playtable.com/), the same website attached hereto as Exhibit C.  The PlayTable gaming console and related goods and services are also made available through Blok.Party's website.

34.     Additionally, not only does Blok.Party not charge a fee to Prizm Labs for its promotional services rendered in regards to products sold under the PlayTable Mark, but Prizm Labs identified Blok.Party as a source of funding for products associated with Prizm Labs' PlayTable and/or PlayNetwork Marks.

///



35.     On information and belief, 8Hours manages the marketing and public relations for the PlayTable and is thus an important public facing entity that manages all of PlayTable's social media marketing accounts.  8Hours business interests in PlayTable appear to be one and the same with Prizm Labs and Blok.Party.

36.     Defendants continue to advertise, promote, offer to sell and, on information and belief, sell reservations for consumers to purchase gaming consoles using or bearing the "PlayTable" name.

37.     Defendants' unauthorized conduct is likely to confuse consumers as to the source of Defendants' product and/or a relationship between Defendants and Sony when, in fact, there is no affiliation or relationship between Defendants and Sony.  Defendants' conduct is likely to cause dilution of the PlayStation  mark by diminishing its distinctiveness.

38.     Prizm Labs also obtained a registration for the "PlayTable" mark, despite the fact that the mark both creates a likelihood of confusion with and dilutes Sony's PlayStation mark.  On information and belief, Prizm Labs' registration is also invalid because the company filed its Statement of Use in connection with the mark despite the fact that the mark was not in use on one or more of the goods covered under the registration.  As a result, Prizm Labs' registration for "PlayTable" should be cancelled.

39.     On information and belief, beginning at some time in the past but after Sony (including its corporate predecessors) began use of its PlayStation Network mark, and continuing until a short time ago, Defendants advertised, promoted, offered for sale and/or sold video game-related services that under a name and mark infringe the PlayStation Network mark.

40.     On information and belief, until recently, Defendants marketed and promoted its "PlayNetwork" in connection with video game-related services, offered and/or advertised through Defendants' company website, available at www.playnetwork.io.  A representative example of the Defendants' use of "PlayNetwork" is attached to this Complaint as Exhibit D.  On information and belief, Defendants recently disabled access to the playnetwork.io website.

41.     On information and belief, Defendants' "PlayNetwork" services were – and to the extent they continue to be, marketed, promoted and/or offered for sale – are likely to confuse



1  consumers in the United States as to the source of Defendants' video game-related services and/or

2  a relationship between Defendants and Sony when, in fact, there is no affiliation or relationship

3  between Defendants and Sony. Defendants' conduct is likely to have caused dilution of the

4  PlayStation Network mark by diminishing its distinctiveness.

5        42.     On information and belief, Defendant Prizm Labs filed an application to register

6  the "PlayTable" mark for "Computer hardware; High performance computer hardware with

7  specialized features for enhanced game playing ability; Tablet computers; Computer hardware and

8  computer software for enabling object recognition on multi user, multi touch devices" in Class 9,

9  claiming first use as early as February 3, 2016 (U.S. Serial No. 86/896,771). Prizm Labs'

10  application to register the "PlayTable" mark matured to registration on June 5, 2018 (U.S. Reg.

11  No. 5,486,975). A copy of the Certificate of Registration of U.S. Reg. No. 5,486,975 is attached

12  to this Complaint as Exhibit E.

13        43.     Defendants' actions have caused and will cause Sony irreparable harm for which

14  money damages and other remedies are inadequate. On information and belief, unless Defendants

15  are restrained by this Court, it will continue and/or expand its unauthorized activities and

16  otherwise continue to cause great and irreparable damage and injury to Sony by, among other

17  things:

18            a.     Infringing on Sony's statutory rights to use and control use of its trademarks;

19            b.     Creating a likelihood of confusion, mistake and deception among consumers

20                 and the trade as to the source of the infringing products;

21            c.     Causing the public falsely to associate Sony with Defendants and/or the

22                 "PlayTable" or "PlayNetwork" brand products, or vice versa; and

23            d.     Causing incalculable and irreparable damage to Sony's goodwill and diluting

24                 the capacity of its trademarks to differentiate PlayStation® products from

25                 others.

26        44.     Accordingly, in addition to other relief sought, Sony is entitled to injunctive relief

27  against Defendants, their affiliates, licensees, subsidiaries and all persons acting in concert with

28  them.



SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
AND DILUTION, CASE NO. 19-5726-HSG

1
2

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114 *et. seq.*, Lanham Act § 32)**

3       45.     Sony incorporates by reference each of the allegations contained in paragraphs 1

4   through 44 of this Second Amended Complaint.

5       46.     The PlayStation and PlayStation Network marks are valid and protectable

6   trademarks.

7       47.     SIEI is the owner of the PlayStation and PlayStation Network marks and SIE is the

8   exclusive licensee of the trademark rights in the PlayStation mark in the United States.

9       48.     Without Sony's consent, Defendants have used the "PlayTable" mark and the

10  "PlayNetwork" brand in commerce in connection with the promotion, advertising and offering for

11  sale of its gaming console product and related services, respectively.

12      49.     Defendants' use of the "PlayTable" mark and the "PlayNetwork" brand is likely to

13  cause confusion, mistakes, or deception among ordinary consumers as to the source, sponsorship,

14  affiliation or approval of Defendants and their goods and services, and infringes upon the

15  PlayStation and PlayStation Network marks.

16      50.     Defendants' use of the "PlayTable" mark is continuing and will continue,

17  constituting an ongoing threat to Sony and the public.  Unless Defendants are restrained and

18  enjoined from engaging in the infringing conduct described above, Sony will suffer irreparable

19  injury and further harm.  As a direct and proximate result of Defendants' unlawful conduct, Sony

20  is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

21      51.     As a direct and proximate result of Defendants' infringing activities, Sony is

22  entitled to recover Defendants' unlawful profits and Sony's damages under 15 U.S.C. § 1117(a).

23      52.     Defendants' infringement of the PlayStation and PlayStation Network mark

24  constitutes an exceptional case, entitling Sony to treble the amount of its damages and Defendants'

25  profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

26      53.     As a direct and proximate result of Defendants' conduct as set forth above, Sony

27  has been irreparably harmed and damaged in an amount to be proven at trial.

28  ///



SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
AND DILUTION, CASE NO. 19-5726-HSG

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

54.     Sony realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 53 of this Second Amended Complaint.

55.     Defendants' use of the "PlayTable" mark and the "PlayNetwork" name falsely suggests that its gaming console and related goods and services originate from or are approved or sponsored by Sony.  This conduct is likely to deceive or to cause confusion or mistake among consumers as to the source, sponsorship, affiliation or approval of Defendants and their goods and services.

56.     Defendants' conduct is continuing and will continue, constituting an ongoing threat to Sony and the public.  Unless Defendants are restrained and enjoined from engaging in the infringing conduct described above, Sony will suffer irreparable injury and further harm.  As a direct and proximate result of Defendants' unlawful conduct, Sony is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

57.     As a direct and proximate result of Defendants' infringing activities, Sony is entitled to recover Defendants' unlawful profits and Sony's damages under 15 U.S.C. § 1117(a).

58.     Defendants' infringement of the PlayStation and PlayStation Network marks constitutes an exceptional case, entitling Sony to treble the amount of its damages and Defendants' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

59.     As a direct and proximate result of Defendants' conduct as set forth above, Sony has been irreparably harmed and damaged in an amount to be proven at trial.

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARK**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

60.     Sony realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 59 of this Second Amended Complaint.

///



SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION, CASE NO. 19-5726-HSG

61.     The PlayStation mark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous prior to Defendants' conduct as alleged in this Second Amended Complaint.

62.     The PlayStation mark has gained strong public recognition and is eligible for protection against dilution.

63.     Defendants' use of the "PlayTable" mark in commerce, as described in this Complaint, is likely to cause dilution of the PlayStation mark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

64.     Defendants' conduct is continuing and will continue, constituting an ongoing threat to Sony and the public.  Unless Defendants are restrained and enjoined from engaging in the dilution described above, Sony will suffer irreparable injury and further harm.  As a direct and proximate result of Defendants' unlawful conduct, Sony is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

### FOURTH CLAIM
### CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION
### (Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)

65.     Sony realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 64 of this Second Amended Complaint.

66.     Defendants' use of the "PlayTable" mark and the "PlayNetwork" brand is likely to cause confusion, mistakes, or deception among ordinary consumers as to the source, sponsorship, affiliation or approval of Defendants and their goods and services, and infringes upon the PlayStation mark in violation of California Business & Professions Code section 14245.

67.     Defendants' use of the "PlayTable" mark in commerce as described in this Second Amended Complaint is likely to cause dilution of the distinctive and famous PlayStation mark by diminishing its distinctiveness in violation of California Business & Professions Code section 14247.

68.     Pursuant to California Business & Professions Code section 14250, Sony is entitled to injunctive relief and damages in the amount of up to three times Defendants' profits and up to

///



1  three times all damages suffered by Sony by reason of Defendants' trademark infringement under

2  California Business & Professions Code section 14245.

3       69.    Pursuant to California Business & Professions Code section 14250, Sony is entitled

4  to injunctive relief as a result of Defendants' dilution of the distinctive and famous PlayStation

5  mark in violation of California Business & Professions Code section 14247.  Additionally, if it is

6  established that Defendants willfully intended to cause dilution of the PlayStation mark, then Sony

7  will be entitled to the additional remedies set forth in California Business & Professions Code

8  section 14250 including Defendants' profits and damages suffered by Sony.

9       70.    As a direct and proximate result of Defendants' conduct as set forth above, Sony

10  has been irreparably harmed and damaged in an amount to be proven at trial.

11
12
<div align="center">

**FIFTH CLAIM**
**CALIFORNIA UNFAIR, UNLAWFUL, AND FRAUDULENT COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**
</div>

13       71.    Sony realleges and incorporates by reference each of the allegations contained in

14  paragraphs 1 through 70 of this Second Amended Complaint.

15       72.    Defendants' conduct as alleged in this Complaint constitutes "unlawful, unfair or

16  fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising"

17  within the meaning of California Business & Professions Code section 17200.

18       73.    As a consequence of Defendants' acts of unlawful, unfair, and fraudulent

19  competition Sony is entitled to injunctive relief preventing the conduct alleged in this Second

20  Amended Complaint.

21
<div align="center">

**PRAYER FOR RELIEF**
</div>

22  WHEREFORE, Sony prays for the following relief:

23       74.    Adjudge that the PlayStation and PlayStation Network marks have been infringed

24  by Defendants in violation of Sony's rights under 15 U.S.C. § 1114, 15 U.S.C § 1125(a) and/or

25  California law;

26       75.    Adjudge that the PlayStation Network mark has been infringed by Defendants in

27  violation of Sony's rights under common law;

28  ///



76.     Adjudge that Defendants have competed unfairly with Sony in violation of Sony's rights under 15 U.S.C. §1114, 15 U.S.C. § 1125(a) and/or California law;

77.     Adjudge that Defendants' activities are likely to dilute the famous PlayStation mark in violation of Sony's rights under common law, 15 U.S.C. § 1125(c) and/or California law;

78.     Adjudge that Defendants, their agents, employees, attorneys, successors, assigns, affiliates and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a.     Manufacturing, producing, sourcing, importing, selling, offering for  sale, distributing, advertising or promoting any goods or services that display any words or symbols that so resemble the PlayStation mark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for Sony, including, without limitation, any product that bears the "PlayTable" mark which is the subject of this Complaint and for which Defendants are responsible, or any other approximation of Sony's trademarks;

    b.     Manufacturing, producing, sourcing, importing, selling, offering for  sale, distributing, advertising or promoting any goods or services that display any words or symbols that so resemble the PlayStation Network mark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for Sony, including, without limitation, any product that bears the "PlayNetwork" name which is the subject of this Complaint and for which Defendants are responsible, or any other approximation of Sony's trademarks;

    c.     Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Sony or their products with Sony, or as to the origin of Defendants' goods or services, or any false designation of origin,



false or misleading description or representation of fact or any false or misleading advertising;

    d.    Further infringing the rights of Sony in and to any of its trademarks in its PlayStation® or PlayStation Network™ brand products or services, or otherwise damaging Sony's goodwill or business reputation;

    e.    Further diluting the PlayStation mark;

    f.    Adopting or filing applications to register as trademarks or domain names any additional marks that are similar or identical to the PlayStation or PlayStation Network marks; and

    g.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Second Amended Complaint;

79.    Adjudge that U.S. Reg. No. 5,486,975 be cancelled in whole;

80.    Issue a certified Order to the Director of the United States Patent and Trademark Office, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, ordering the Director to enter upon the records of the United States Patent and Trademark Office a cancellation of U.S. Reg. No. 5,486,975;

81.    Adjudge that Defendants, within thirty (30) days after service of the judgement demanded herein, be required to transfer to Sony all domain names that Defendants have registered, control, or operate that contain the terms "playtable" or "playnetwork", including <playtable.com> and <playnetwork.io>;

82.    Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Sony's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

83.    Adjudge that Defendants immediately be required to account to Sony for its profits, and pay treble and actual damages suffered by Sony as a result of its trademark infringement, false designations of origin, together with interest and costs;

84.    Adjudge that Sony recover from Defendants its damages and lost profits, and



1   Defendants' profits, in an amount to be proven at trial, as well as punitive damages under

2   California law;

3        85.    Adjudge that Defendants be required to account for any profits that are attributable

4   to its illegal acts, and that Sony be awarded (1) Defendants' profits and (2) all damages sustained

5   by Sony, under 15 U.S.C. § 1117, plus prejudgment interest;

6        86.    Adjudge that the amounts awarded to Sony pursuant to 15 U.S.C. § 1117 and

7   California Business & Professions Code section 14250 shall be trebled;

8        87.    Adjudge that Sony be awarded its costs and disbursements incurred in connection

9   with this action, including Sony's reasonable attorneys' fees and investigative expenses; and

10       88.    Adjudge that all such other relief be awarded to Sony as this Court deems just and

11  proper.

12  DATED: May 18, 2020          Respectfully submitted,

13                           KILPATRICK TOWNSEND & STOCKTON LLP

14

15                           By: */s/ Mehrnaz Boroumand Smith*

16                             MEHRNAZ BOROUMAND SMITH
                               RYAN BRICKER
                               RISHI GUPTA

17                             BEATRICE STRNAD

18                           Attorneys for Plaintiffs

19                           SONY INTERACTIVE ENTERTAINMENT LLC
                             AND SONY INTERACTIVE ENTERTAINMENT

20                           INC.

21

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

DATED:  May 18, 2020             Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Mehrnaz Boroumand Smith*
    MEHRNAZ BOROUMAND SMITH
    RYAN BRICKER
    RISHI GUPTA
    BEATRICE STRNAD

Attorneys for Plaintiff
SONY INTERACTIVE ENTERTAINMENT LLC
AND SONY INTERACTIVE ENTERTAINMENT
INC.



SECOND AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
AND DILUTION, CASE NO. 19-5726-HSG