KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
mboroumand@kilpatricktownsend.com
RYAN T. BRICKER (State Bar No. 269100)
rbricker@kilpatricktownsend.com
RISHI GUPTA (State Bar No. 313079)
RGupta@kilpatricktownsend.com
BEATRICE STRNAD (State Bar No. 327791)
BStrnad@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   415 576 0200
Facsimile:    415 576 0300

Attorneys for Plaintiffs
SONY INTERACTIVE ENTERTAINMENT LLC and
SONY INTERACTIVE ENTERTAINMENT INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company, and SONY INTERACTIVE ENTERTAINMENT INC., a Japanese corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>PRIZM LABS, INC., a Delaware corporation; BLOK.PARTY, d/b/a PlayTable, a Delaware Corporation; 8HOURS FOUNDATION, and DOES 1-10,<br>            Defendants. | Case No. 4:19-cv-5726-HSG<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

Sony Interactive Entertainment LLC ("SIE") and Sony Interactive Entertainment Inc. ("SIEI") (collectively referred to as "Plaintiffs" or "Sony") have filed a Complaint alleging trademark infringement, dilution, and unfair competition under federal and California law against Prizm Labs, Inc. ("Prizm"), Blok Party, Inc. ("Blok.Party"), and 8Hours Foundation ("8Hours") (collectively "Defendants") from using confusingly similar variations of Sony's famous PlayStation® and PlayStation Network™ trademarks to market Defendants' "PlayTable" gaming console and "PlayNetwork" video game-related services. Defendants have advertised, promoted, offered to sell and/or sold a gaming console under the "PlayTable" mark and name, and have proposed offering future services under the "PlayNetwork" mark and name. Sony alleges that these trademarks infringe and dilute the PlayStation mark, and infringe the PlayStation-formative marks. Defendants have denied these claims. Sony further alleges that Defendants continue to advertise, promote, offer to sell and sell gaming consoles using or bearing the "PlayTable" mark and name. Defendants consent to entry of judgment and permanent injunction to resolve this matter.

The Court now enters final judgment against Defendants based upon the following facts stipulated by the parties. Each party has waived the right to appeal from this final judgment.

**I.      FACTS AND CONCLUSIONS**

Sony has alleged and Defendants have stipulated to and do not contest the following:

A.      This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Defendants. Venue is proper in this Court.

B.      SIEI is the owner of the PlayStation mark, and SIE is the exclusive licensee of the trademark rights in the PlayStation mark, in the United States and other countries. Representative U.S. registrations for this mark are listed below in this Paragraph I.B. All of these U.S. registrations are in full force and effect, valid and protectable, and SIE is the exclusive licensee in the United States of these U.S. registrations. Many of these U.S. registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

   a.      U.S. Registration No. 2,053,625 (registered April 15, 1997);

   b.      U.S. Registration No. 2,087,964 (registered August 12, 1997);

|   |   |   |
|---|---|---|
| 1 | c. | U.S. Registration No. 2,259,732 (registered July 6, 1999); |
| 2 | d. | U.S. Registration No. 2,343,853 (registered April 18, 2000); |
| 3 | e. | U.S. Registration No. 2,405,828 (registered November 21, 2000); |
| 4 | f. | U.S. Registration No. 2,730,542 (registered June 24, 2003); |
| 5 | g. | U.S. Registration No. 3,029,637 (registered December 13, 2005); |
| 6 | h. | U.S. Registration No. 3,807,081 (registered June 22, 2010); |
| 7 | i. | U.S. Registration No. 4,372,780 (registered July 23, 2013); and |
| 8 | j. | U.S. Registration No. 4,430,716 (registered November 12, 2013). |

C.  SIEI also owns common law and registered rights in a number of PlayStation-formative trademarks, and SIE is the exclusive licensee of the trademark rights in the PlayStation-formative marks in the United States. A representative sample of these U.S. registrations are listed below in this Paragraph I.C. All of these U.S. registrations are in full force and effect, valid and protectable, and SIE is the exclusive licensee in the United States of these U.S. registrations. Many of these U.S. registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

    a.  U.S. Registration No. 4,398,163 for PLAYSTATION MOVE (registered September 10, 2013);

    b.  U.S. Registration No. 5,116,376 for PLAYSTATION VUE (registered January 10, 2017);

    c.  U.S. Registration No. 4,810,571 for PlayStation Now (registered September 15, 2015);

    d.  U.S. Registration No. 4,801,709 for PLAYSTATION TV (registered September 1, 2015); and

    e.  U.S. Registration No. 5,000,800 for PLAYSTATION VR (registered July 19, 2016).

D.  SIEI is the owner of the PlayStation Network trademark. SIE and its corporate predecessors is and have been, respectively, the exclusive licensee in the United States of the PlayStation Network mark and continuously have used the PlayStation Network mark in interstate commerce in the United States since 2006 until the present, in connection with the marketing and

sale of its PlayStation® gaming consoles and the related PlayStation Network services that Sony offers, including in the United States. The PlayStation Network mark has become, through widespread and favorable public acceptance and recognition, including in the United States, an asset of substantial value as a symbol of Sony and their quality products and goodwill.

E. Sony has invested substantial time, money, and effort advertising and promoting the PlayStation, PlayStation-formative and PlayStation Network marks described in Paragraphs I.B, I.C and I.D of this Judgment and Permanent Injunction (collectively referred to, together with their related common law rights, as the "PlayStation Marks")  As a result, Sony has created considerable goodwill and reputation for the quality of products associated with the PlayStation Marks.

F. The PlayStation Marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value as symbols of Sony and their quality products and goodwill. The PlayStation trademark is famous within the meaning and definition of 15 U.S.C. 1125(c) and became famous long prior to the conduct alleged in this case by any of the Defendants.

G. Defendants adopted, promoted, and currently use the "PlayTable" mark and have used "PlayTable Network" mark for goods and services that either compete with certain of Sony's video game consoles and related services or overlap with the line of products that Sony promotes and sells under the PlayStation Marks. Defendants have individually and/or collectively marketed and promoted the products and/or services offered under the "PlayTable" mark and "PlayTable Network" mark.

**II.     PERMANENT INJUNCTION**

It is hereby ordered and adjudged as follows:

A. Within sixty (60) days of the "So Ordered" date of this Final Judgment and Permanent Injunction, Defendants, their principals, agents, affiliates, employees, officers, directors, servants, privies, successors, and assigns, related entities, and all persons acting in concert or participating with them or under their control who receive actual notice of this Order, are hereby permanently enjoined and restrained, anywhere in the world, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

1. Manufacturing, licensing, selling, offering for sale, distributing, importing, exporting, advertising, marketing, promoting, or displaying the PlayTable mark or PlayNetwork mark in any manner, or any design or designation that reproduces or is substantially similar to any of the PlayStation Marks, including without limitation the PlayStation trademark, PlayStation-formative trademarks, or the PlayStation Network trademark;

2. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble any of the PlayStation Marks as to be likely to cause confusion, mistake, or deception, on or in connection with any product or service that is not authorized by or for Sony;

3. Using or filing applications, now or in the future, for the registration of the PlayTable mark, the PlayNetwork mark, or any trademark, design, or source-identifying device that is substantially similar to any of the PlayStation Marks, including without limitation the PlayStation trademark, any PlayStation-formative trademarks, or the PlayStation Network trademark;

B. Within fourteen (14) days of entry of this Judgment and Permanent Injunction, Defendant Prizm is ordered to file all forms necessary to expressly abandon its registration, U.S. Reg. No. 5,486,975, for the "PlayTable" trademark.

C. This is a final judgment as to all claims asserted against Defendants related to their PlayTable and PlayNetwork marks. All parties shall bear their own attorneys' fees and costs.

D. This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof, and/or the punishment for any violations thereof. If any party commences an action for enforcement of this Judgment, the prevailing party shall be awarded reasonable attorneys' fees and costs from the adverse party for enforcing this Judgment.

DATED: 11/2/2020

_Haywood S. Gilliam Jr._
Hon. Haywood S. Gilliam, Jr.
United States District Judge